**Britt Eric JONES, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-80-579.**

Court of Criminal Appeals of Oklahoma.

Aug. 31, 1982.

Virginia Henson, Henson, Laster & Henson, Shawnee, for appellant.

Jan Eric Cartwright, Atty. Gen., Jimmy D. Givens, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BRETT, Presiding Judge:

The appellant was certified to stand trial as an adult charged with Murder in the First Degree, Case No. CRF-79-39, in the District Court of Pottawatomie County. The jury returned a verdict of Manslaughter in the First Degree, and punishment was set at imprisonment for ten (10) years.

On the night of January 3, 1979, the deceased, Richard Witty, his wife, and his stepdaughter, Kelle, were asleep at their home when, at about 2:00 a.m., two shots were fired in the house. One shot struck and killed the deceased. The appellant and his friend James Daughterty were subsequently arrested and charged with First Degree Murder. The State produced testimony about conversations between Jones, Daugherty, Kelle and their mutual friends which tended to prove that Jones was the assailant, although the deceased and his wife had not been acquainted with Jones prior to the shooting.

The sole assignment on appeal is that the trial court improperly instructed on Man-

slaughter in the First Degree under a set of facts that are unsupportive of that crime. However, this Court's review of the facts and the law indicate that the trial court was exercising extreme caution and that such an instruction was appropriate. This Court's long-standing rule is as follows.

It is the duty of the court to determine as a matter of law whether the evidence is such as to justify the submission of both or either of these issues to the jury. This duty may sometimes be extremely difficult, and if there is any doubt about the matter in the mind of the court, the lower degree of the homicide should be submitted for the consideration of the jury. *Clapp v. State,* 73 Okl.Cr. 261, 120 P.2d 381 (1941).

See also *Abel v. State,* 507 P.2d 569 (Okl. Cr. 1973).

Therefore, the judgment and sentence is affirmed.

BUSSEY and CORNISH, JJ., concur.